## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

| | |
|---|---|
| **Arami Brown,** | Case No.: _____ |
| *Plaintiff,* | |
| v. | Ad Damnum: **$1,000 + Atty Fees & Costs** |
| **Enhanced Recovery Company, LLC,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Arami Brown** ("Ms. Brown"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Enhanced Recovery Company, LLC** ("**ERC**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Brown against ERC for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and Section 34.01, Florida Statutes.

3. ERC is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, under Section 47.051, Florida Statutes, as the acts complained of were committed and/or caused by the Defendant within Hillsborough County, Florida.

## PARTIES

### Ms. Brown

5. **Ms. Brown** is a natural person who at all times relevant has resided in the city of Brandon, Hillsborough County, Florida.

6. Ms. Brown is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

### ERC

7. **ERC** is a Delaware limited liability company with a primary business address of **8014 Bayberry Rd., Jacksonville, FL 32256.**

8. ERC's Florida registered agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

9. ERC is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("CCA"), holding license number **CCA0900170. SEE PLAINTIFF'S EXHIBIT A.**

10. ERC is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), in that it uses postal mail or another instrumentality of interstate commerce, for its business, the principal purpose of which is the collection of Debts, and/or it regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another.

11. As a licensed CCA, ERC knows or should know the requirements of the FDCPA.

## FACTUAL ALLEGATIONS

### The Alleged Debts

12. Around November 2017, Ms. Brown allegedly incurred a $559 debt relating to a cable bill from AT&T ("**AT&T Debt**").

13. Around February 2018, Ms. Brown allegedly incurred a $1,650 debt relating to a cell phone bill from Sprint ("**Sprint Debt**").

14. The Sprint and AT&T Debts arose from residential cable television and cellular services that were for family, personal, or household purposes, and therefore meet the definition of "debt" within the FDCPA, 15 U.S.C. § 1692a(5).

### Sprint Debt Disputed In 2019; Reports as Non-Disputed in 2020

15. Around March 2019, Sprint assigned or otherwise transferred the Sprint Debt to ERC for collection.

16. Approximately two months later, in May 2019, ERC, in an attempt to collect the Sprint Debt, reported the Sprint Debt to Experian ("**Experian**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"). **SEE PLAINTIFF'S EXHIBIT B.**

17. In December 2019, Ms. Brown disputed ERC's reporting to Experian, stating the amount claimed contained inflated and spurious charges she did not believe to be legitimately owed.

18. Experian sent an Automated Consumer Dispute Verification ("**ACDV**") via an online platform known as e-OSCAR to ERC, and asked ERC to make an investigation into the dispute.

19. ERC made a number of changes to its reporting, including updating it to reflect the Metro 2 compliance condition code ("**CCC**") of "XB" or "consumer disputes this information."

20. Thus, as of December 2019, ERC was aware that the Sprint Debt was disputed, and acknowledged this dispute in its communications with the CRAs.

21. On or about July 19, 2020, ERC made a new report to Experian, re-alleging the identical Sprint Debt of $1,650 was owed.

22. In its new report, ERC falsely reported to Experian that the "date first reported" was July 2020, despite the fact ERC had been reporting the Sprint Debt to Experian since at least May 2019. **SEE PLAINTIFF'S EXHIBIT C.**

23. In its new report, ERC did not indicate that Ms. Brown disputed the Sprint Debt.

24. ERC continued to re-report the Sprint Debt, monthly, sans notice of dispute, as recently as February 2021. *Id.*

25. The FICO Model II ("**Model II Score**") credit score utilized by Experian in conjunction with mortgage applications heavily weighs whether a consumer has any collection accounts reporting which were *first* reported recently.

26. Thus, a collection tradeline first reported in 2017 would have a minimal effect on a consumer's credit score, since the Model II Score would infer that the account was not something which had recently been placed for collection with a collection agency and therefore is not indicative of current, active financial problems.

27. A tradeline which indicates that an account was *first* reported very recently (*e.g.*, within the last 180 days) would have a strong negative effect on the Model II Score, since it would infer that the debt had only very recently been escalated to include the involvement of a debt collection agency.

28. As such, ERC's false reporting unfairly lowered Ms. Brown's credit scores.

29. ERC's July 2020 report was a new communication to the CRAs and contained different data than previously reported.

30. In ERC's new communication, it failed to report any CCC whatsoever, and thus failed to disclose the Sprint Debt was disputed. *Id.*

31. ERC was obligated to disclose the fact that the Debt was disputed in all communications about the Debt, including its July 2020 report to Experian.

32. ERC had no right to unilaterally nullify Ms. Brown's dispute. *See, e.g., Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005); *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337 (7th Cir 2018).

33. Further, ERC had no right to determine on its own whether the dispute had merit. *See DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all'").

34. Many credit scores, including most versions of FICO, will disregard collection tradelines reported with a CCC of "XB" or "disputed by consumer."

35. Thus, ERC's failure to report the Sprint Debt was disputed further materially and adversely impacted Ms. Brown's credit scores.

36. The failure to properly report a disputed debt *as disputed* creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Mr. Joseph suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

37. Credit reporting is an attempt to collect the debt alleged therein. "Debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." *Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1278 (S.D. Ala. 2010); *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) ("[Credit reporting] is a powerful tool designed, in part, to wrench compliance with payment terms…").

38. ERC's failure to report the Sprint Debt as disputed prevented third parties who received Ms. Brown's credit report from learning that Ms. Brown disputed the Debt, even though it was her right to have such information communicated to them.

### AT&T Debt

39. On March 26, 2018, Ms. Brown paid the AT&T Debt in full to the collection agent hired by AT&T, Prince, Parker and Associates.

40. Thus, as of March 26, 2018, no debt existed as the balance was paid in full.

41. Despite this, in March 2020 ERC reported the AT&T Debt to Experian, alleging $559 remained owed. **SEE PLAINTIFF'S EXHIBIT D.**

42. Ms. Brown disputed the debt to ERC, stating she did not owe the debt as it had been paid in full to a different debt collector nearly two years prior.

43. On April 17, 2020, ERC mailed Ms. Brown a letter stating it received her dispute, but her dispute was "lacking in specific facts or information which would allow us to conduct an investigation." **SEE PLAINTIFF'S EXHIBIT E.**

44. ERC had no "right to rely" on the representation to AT&T that a debt paid in 2018 was still, somehow, unpaid in 2020. See *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011) (holding FDCPA is a "strict liability" statute and debt collectors are liable even if FDCPA violations are not knowing or unintentional).

45. ERC's reports of the Sprint Debt and AT&T Debt to the CRAs were *Communications* as defined by the FDCPA, 15 U.S.C. § 1692a(2).

46. Ms. Brown has hired the aforementioned law firm to represent her in this matter and has assigned to it her right to fees and costs.

## COUNT I
## **VIOLATIONS OF THE FDCPA**

47. Ms. Brown incorporates paragraphs 1 – 46 as if fully restated herein.

48. ERC violated **15 U.S.C. § 1692e and 1692e(10)** when it used misleading and deceptive means to attempt to collect the Sprint Debt by falsely reporting to a nationwide CRA that (1) the debt was "first reported" in July 2020 when ERC had made reports as early as May 2019, and (2) that a debt ERC knew was disputed was *not* disputed.

49. ERC violated **15 U.S.C. § 1692e and 1692e(10)** when it used misleading and deceptive means to attempt to collect the AT&T Debt by falsely reporting to a nationwide CRA that a debt paid-in-full in March 2018 was still unpaid and owed in April 2020.

50. ERC violated **15 U.S.C. § 1692e(2)(a)** when it made false representations about the character, amount and legal status of the Sprint Debt by falsely reporting to a nationwide CRA that 1) the debt was "first reported" in July 2020 when ERC had made reports as early as May 2019, and (2) that a debt ERC knew very well was disputed was *not* disputed.

51. ERC violated **15 U.S.C. § 1692e(2)(a)** when it made false representations about the character, amount and legal status of the AT&T Debt by falsely reporting to a nationwide CRA that a debt paid in full in March 2018 was unpaid and owing as of April 2020.

52. ERC violated **15 U.S.C. § 1692e(8)** when it communicated credit information which it knew or should have known was false, specifically by reporting to Experian that the date of first reporting the Sprint Debt was July 2020, and that, with respect to the AT&T Debt, a debt paid in full in March 2018 was unpaid and owing as of April 2020.

53. ERC violated **15 U.S.C. § 1692e(8)** when it communicated credit information which it knew or should have known was disputed, without disclosure of dispute, when it reported the Sprint Debt to Experian as a purportedly non-disputed debt.

54. ERC's conduct renders it liable for the above-stated violations of the FDCPA

**WHEREFORE,** Ms. Brown respectfully requests that this Honorable Court enter judgment against ERC, and for her, for:

   a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

   d. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Brown demands a jury trial on all issues so triable.

Respectfully submitted on March 5, 2021, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

**ATTACHED EXHIBIT LIST**
A.   ERC's Florida CCA License
B.   Plaintiff's Experian Consumer Disclosure, April 1, 2020, Sprint Debt
C.   Plaintiff's Experian Consumer Disclosure, July 24, 2020, Sprint Debt
D.   Plaintiff's Experian Consumer Disclosure, April 1, 2020, AT&T Debt
E.   ERC's Letter to Ms. Brown, April 17, 2020

# EXHIBIT A
## ERC's Florida CCA License



**REAL**SYSTEM
Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

**License Details**

Press "Previous Record" to display the previous license.
Press "Next Record" to display the next license.
Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

| | | Current Date: 03/05/2021 12:01 PM |
|---|---|---|
| **License Number: CCA0900170** | | |
| Name | ENHANCED RECOVERY COMPANY, LLC | |
| Doing Business As: | ERC AND ENHANCED RESOURCE CENTERS | |
| License Type | Consumer Collection Agency | |
| License Status: | Current Active Registration | |
| License Status Effective Date: | 11/03/2020 | |
| Expiration Date: | 12/31/2021 | |
| Original Date of Licensure: | 04/18/2008 | |

**Addresses**

| Business Main Address | Address | 8014 BAYBERRY RD JACKSONVILLE, FL DUVAL 32256 US View on a map |
|---|---|---|
| | Phone Number: | 9046802691 |
| Mailing Address | Address | 8014 BAYBERRY RD JACKSONVILLE, FL DUVAL 32256 US View on a map |

© 2018, MicroPact Version 2.11.6.42 (9ofr 223)

# EXHIBIT B
## Plaintiff's Experian Consumer Disclosure, April 1, 2020, Sprint Debt



4/1/2020     Experian - Access your credit report

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| ENHANCED RECOVERY | | $1,650 as of 03/29/2020 | 03/2019 | Collection account. $1,650 past due as of Mar 2020. |
| PO BOX 57547 JACKSONVILLE, FL 32241 800 851 9475 Address identification number 0674141564 | Type Collection Terms 1 Months | Credit limit or original amount $1,650 High balance $0 | Date of status 03/2019 First reported 05/2019 Responsibility Individual | Comment Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). Your statement I HAVE NO KNOWLEDGE OF THIS ACCOUNT. |
| Original creditor SPRINT | On record until Nov 2024 | Monthly payment $0 Recent payment amount $0 | | Reinvestigation information This item was updated from our processing of your dispute in Feb 2020. |

4/18

# EXHIBIT B
## Plaintiff's Experian Consumer Disclosure, April 1, 2020, Sprint Debt

4/1/2020              Experian - Access your credit report

**Account history**

2020: Mar, Feb, Jan
2019: Dec, Nov, Oct, Sep, Aug, Jul, Jun, May

Collection as of May 2019 to Mar 2020

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Feb 2020: $1,650 / No data / No data / No data
Jan 2020: $1,650 / No data / No data / No data
Dec 2019: $1,650 / No data / No data / No data
Nov 2019: $1,650 / No data / No data / No data
Oct 2019: $1,650 / No data / No data / No data
Sep 2019: $1,650 / No data / No data / No data
Aug 2019: $1,650 / No data / No data / No data
Jul 2019: $1,650 / No data / No data / No data
Jun 2019: $1,650 / No data / No data / No data
May 2019: $1,650 / No data / No data / No data
The original amount of this account was $1,650



5/18

# EXHIBIT C
## Plaintiff's Experian Consumer Disclosure, June 5, 2020, Excerpt



7/24/2020 — Experian - Access your credit report

| | | | | |
|---|---|---|---|---|
| **Account name**<br>ENHANCED RECOVERY | **Account number** | **Recent balance**<br>$1,650 as of 07/19/2020 | **Date opened**<br>05/2020 | **Status**<br>Collection account. $1,650 past due as of Jul 2020. |
| PO BOX 57547<br>JACKSONVILLE, FL 32241<br>800 861 9475<br>**Address identification number**<br>0533364041<br>**Original creditor**<br>SPRINT | **Type**<br>Collection<br>**Terms**<br>1 Months<br>**On record until**<br>Nov 2024 | **Credit limit or original amount**<br>$1,650<br>**High balance**<br>$0<br>**Monthly payment**<br>$0<br>**Recent payment amount**<br>$0 | **Date of status**<br>05/2020<br>**First reported**<br>07/2020<br>**Responsibility**<br>Individual | |

**Account history**

2020
Jul

Collection as of Jul 2020

4/20

# EXHIBIT D
## Plaintiff's Experian Consumer Disclosure, April 1, 2020, AT&T Debt



4/1/2020    Experian - Access your credit report

**Account name**
ENHANCED RECOVERY

**Account number**

**Recent balance**
$559 as of 03/29/2020

**Date opened**
02/2020

**Status**
Collection account.
$559 past due as of Mar 2020.

PO BOX 57547
JACKSONVILLE, FL 32241
800 861 9475
**Address identification number**
0322310568

**Original creditor**
AT T U-VERSE

**Type**
Collection
**Terms**
1 Months
**On record until**
Aug 2024

**Credit limit or original amount**
$559
**High balance**
$0
**Monthly payment**
$0
**Recent payment amount**
$0

**Date of status**
02/2020
**First reported**
03/2020
**Responsibility**
Individual

**Account history**
2020
Mar

Collection as of Mar 2020

5/18

Page 13 of 14

# EXHIBIT E
## ERC's Letter to Ms. Brown, April 17, 2020



April 17, 2020

Re: Dispute Request

ERC® Reference Number:   218272356
ERC® Customer:   AT&T
Original Client Account Number: 138998650
Original Client:   AT&T U-Verse

ARAMI BROWN:

Our office is in receipt of your dispute. Please be advised we have reviewed your dispute and find the dispute lacking in specific facts or information which would allow us to conduct an investigation. Because your dispute alleges no specific information to form the basis for an investigation, we are unable to investigate the dispute at this time.

Consumer Financial Protection Bureau regulation 12 C.F.R. § 1022.43 states a direct dispute notice must include: (1) sufficient information to identify the account or other relationship that is in dispute, such as an account number and the name, address, and telephone number of the consumer, if applicable; (2) the specific information that the consumer is disputing and an explanation of the basis for the dispute; and (3) all supporting documentation or other information reasonably required by the furnisher to substantiate the basis of the dispute.

This documentation may include a copy of the relevant portion of the consumer report that contains the allegedly inaccurate information, a police report, a fraud or identity theft affidavit, a court order, or account statements. Should you have additional information or documentation to support your claim of dispute, please feel free to send us that information along with any additional supporting facts.

In acknowledgement of your dispute, we have marked your account as disputed within our system of record.

Please contact our office at (800) 586-0013 if you have any further concerns or questions.

Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers
8014 Bayberry Road | Jacksonville, FL | 32256
Office Hours (Eastern Time): Mon-Thurs: 8:00 am - 11:00 pm, Fri: 8:00 am - 10:00 pm, Sat: 8:00 am - 5:00 pm
(800) 586-0013 | www.ercbpo.com/help